IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 24, 2013

**STATE OF TENNESSEE v. KEVIN BELL**

**Direct Appeal from the Criminal Court for Robertson County**

**No. 08-0415      Michael R. Jones, Judge**

**No. M2012-02659-CCA-R3-CD   Filed October 17, 2013**

The appellant, Kevin Bell, appeals the trial court's revocation of his probationary sentence and challenges the imposition of the original sentence to be served in confinement. Upon review, we affirm the judgment of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Roger E. Nell, Clarksville, Tennessee (on appeal), and Timothy J. Richter, Springfield, Tennessee (at trial), for the appellant, Kevin Bell.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Jason White, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On August 20, 2008, a Robertson County Grand Jury indicted the appellant for theft over $10,000. On October 16, 2008, the appellant pled guilty to the charged offense. The plea agreement provided that the appellant would be sentenced as a Range I, standard offender to four years, with one year to be served in confinement and the remainder on community corrections.

Warrants alleging violations of community corrections were filed against the appellant

on June 2 and December 10, 2009. On January 15, 2010, the trial court revoked the appellant's community corrections sentence due to the appellant's commission of another theft offense and ordered the appellant to serve his original sentence in the Tennessee Department of Correction. While incarcerated, the appellant completed a "boot camp" program and, on February 24, 2011, was released on probation.

On September 9, 2011, a warrant was issued, alleging that the appellant violated the terms of his probation by being arrested for new offenses, failing to report the arrests, leaving the state without permission, and failing to report.

On November 12, 2012, a revocation hearing was held. As proof of the violation, the State submitted certified copies of judgments reflecting that the appellant pled guilty to four offenses in Kentucky. The judgments were signed on November 10, 2011, and were entered on December 5, 2011. The four offenses were receiving stolen property valued over $500 but less than $10,000; operating a motor vehicle on a restricted or suspended license; failure to produce an insurance card; and "failure to or improperly signal." The appellant received an effective sentence of two years for the Kentucky convictions.

The appellant testified that after his community corrections sentence was revoked, he was sent to prison. He stated that he did "[n]ot particularly" like prison and did not want to return. While in prison, he completed a boot camp program and was released on probation. He got a job working for a landscaping company. When the weather turned cold, he began working for the Nashville Wire Factory.

The appellant admitted violating probation by going to Kentucky, acknowledging that the terms of his probation prohibited him from going to Kentucky without permission. He also conceded that he pled guilty to new crimes in Kentucky. Prior to the revocation hearing, the appellant spent fifteen months confined in the Logan County, Kentucky jail. He said that when he was previously granted an alternative sentence, he "knew that [he] would probably be back." However, during his incarceration in Kentucky, his second child, a daughter, was born. She was nine months old at the time of the revocation hearing, and the appellant had not been able to hold her. The appellant had a "decent relationship" with his older child, a son.

The appellant said that he had a potential job at A-O Smith. He asserted that if he were granted another alternative sentence, he would comply with the terms of his release.

On cross-examination, the appellant acknowledged that he knew the consequences of violating an alternative sentence, noting that he had been incarcerated following the revocation of his community corrections sentence. Regardless, he went to Kentucky without

the permission of his probation officer and committed new offenses.

The trial court found that the appellant clearly violated the terms of his probation. Noting that the appellant had shown no ability to comply with the terms of an alternative sentence, the court ordered the appellant to serve his original sentence in confinement. On appeal, the appellant challenges the revocation of his probation and the court's failure to grant another alternative sentence.

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2006); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

At the revocation hearing, the appellant admitted violating the terms of his probation. Accordingly, the trial court did not err by revoking the appellant's probation. Moreover, it was within the trial court's authority to order the appellant to serve his original sentence upon revoking the appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The appellant pleads for leniency. However, the appellant's repeated violations of alternative sentencing indicate that he has poor rehabilitative potential. Further, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002).

### III. Conclusion

In sum, we conclude that the trial court did not abuse its discretion by revoking the appellant's probation or by ordering him to serve his original sentence in confinement. Accordingly, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE